[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 29, 2005
THOMAS K. KAHN
CLERK

No. 05-11119
Non-Argument Calendar
_____

D. C. Docket No. 02-00435-CV-C0-E

GABRIEL SCAFF-MARTINEZ,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 29, 2005)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Gabriel Scaff-Martinez, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his Privacy Act claims, filed pursuant to 5 U.S.C.

§ 552a(d), (e)(5), and (g), against the United States Bureau of Prisons ("BOP"). In

his complaint, Scaff-Martinez sought injunctive relief and money damages based on the BOP's alleged failure to (1) maintain accurate records, (2) expunge false information from Scaff-Martinez's prison file, and (3) amend an alleged inaccuracy in his file. The district court dismissed the complaint, finding that the BOP was exempt from the provisions of the Privacy Act upon which Scaff-Martinez based his claims. On appeal, Scaff-Martinez argues that the district court's dismissal was erroneous because BOP officials acted intentionally and willfully in failing to maintain accurate records, which resulted in an adverse determination in his file and a transfer to a higher-security facility. He also asserts that his due process rights were violated by BOP officials and the district court.[1] After careful review of the record and the parties' briefs, we affirm.

Although the district court dismissed Scaff-Martinez's claim pursuant to Fed. R. Civ. P. 12(b)(6), because matters outside the pleadings were presented to and not excluded by the court, the dismissal is better characterized as a grant of

[1] We reject Scaff-Martinez's additional argument that the district court's application of an amended version of the Privacy Act violated the Ex Post Facto Clause. There was no ex post facto violation here because the amended provision at issue -- 28 C.F.R. § 16.97 -- does not impose punishment and is a regulation, rather than a statute. Cf. Collins v. Youngblood, 497 U.S. 37, 41, 110 S. Ct. 2715, 2718, 111 L. Ed. 2d 30 (1990) (holding that "the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them"); Conlogue v. Shinbaum, 949 F.2d 378, 381 (11th Cir. 1991) (stating that "a law violates the ex post facto clause if it is penal or criminal, and imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed"). In support of his ex post facto argument, Scaff-Martinez relies on our recent decision in Cabello v. Fernandez-Larios, 402 F.3d 1148 (11th Cir. 2005). That case is distinguishable because it involved a statute, whereas the instant case concerns a regulation.

summary judgment in favor of the BOP. We review the district court's grant of a motion for summary judgment de novo, "applying the same legal standards that bound the district court." Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1279 (11th Cir. 2004). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

First, Scaff-Martinez asserts that he can maintain an action under the Privacy Act where the BOP acted intentionally and wilfully in failing to maintain his records, resulting in an adverse determination. We disagree. Quite simply, pursuant to 28 C.F.R. § 16.97, the Inmate Central Record System has been exempted from the provisions of the Privacy Act under which Scaff-Martinez filed his claims. See 28 C.F.R. § 16.97(a), (b)(3), (j), and (k)(2) (2005). More specifically, inmate records are exempt, pursuant to 28 C.F.R § 16.97(a) and (j), from 5 U.S.C. § 552a(d), (e)(5), and (g). As result of this exemption, Scaff-Martinez has no cause of action upon which relief can be granted and, therefore, he

has no claim for money damages. Accordingly, the district court did not err on this basis.

We likewise are unconvinced by Scaff-Martinez's argument that his due process rights were violated by BOP officials. The Supreme Court established a cause of action for monetary damages and injunctive relief against federal officials in their individual capacities for a violation of a federal constitutional right in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). However, the Supreme Court has held that federal agencies cannot be sued for damages arising from an agency's alleged violation of a plaintiff's constitutional rights. See F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S. Ct. 996, 1005-06, 127 L. Ed. 2d 308 (1994). The Supreme Court reasoned that if it permitted Bivens-type actions against federal agencies it would undermine the rationale of Bivens and create a potentially enormous financial burden for the federal government. Id. As a result, Bivens claims are "only cognizable when brought against federal officials individually." United States v. 1461 West 42nd Street, Hialeah, Fla., 251 F.3d 1329, 1339-40 (11th Cir. 2001). Thus, Scaff-Martinez cannot maintain an independent constitutional cause of

action against the BOP because it is a federal agency and, therefore, is immune from Bivens actions. See Meyer, 510 U.S. at 486, 114 S. Ct. at 1005-06.[2]

Finally, Scaff-Martinez's argument that the district court violated his due process rights by not striking an unsworn declaration for its alleged failure to comply with Rule 56(e) is without merit. Rule 56(e) states in pertinent part that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . . ." Fed. R. Civ. P. 56(e). Under 28 U.S.C. § 1746(2), any rule that requires an affidavit, such as Rule 56(e), can be satisfied by an unsworn declaration as long as it was made under the penalty of perjury. Because the unsworn declaration was made under the penalty of perjury, there was no Rule 56(e) violation. Therefore, the district court's refusal to strike the unsworn declaration was not erroneous and certainly did not constitute a due process violation.

In sum, the district court did not err by dismissing Scaff-Martinez's Privacy Act claims and, accordingly, we affirm.

**AFFIRMED.**

---

[2] As for Scaff-Martinez's arguments concerning the Warden and other BOP officials, his argument is without merit because the BOP was the only defendant named in the complaint. See 1461 West 42nd Street, 251 F.3d at 1339-40.

5